SHAHOOD, J.
T.C., a child, was charged in a delinquency petition with petit theft, a second degree misdemeanor. This matter proceeded to an adjudicatory hearing where the court found T.C. guilty of petit theft. During sentencing, the court made the following oral pronouncement:
The Court: All right, I will adjudicate him of this charge, recommit him to a Level 2 program. The court — no further sanctions. The court order needs to be clear, since this is only a second-degree misdemeanor, the maximum period which he can be committed on this charge, in Case Number 98-3335, is sixty days, and at the end of sixty days, his penalty is complete. So, it’s sixty days maximum, in a Level 2 commitment program, on this case. No other sanctions.
The court also retained jurisdiction for purposes of entering a civil restitution order for the value of candy bars that were stolen.
The written disposition order, however, states in part as follows:
Said child is re-committed to DCF/DJJ for placement in: LEVEL — 2 LOW RISK NON RESIDENTIAL PROGRAM for an indefinite period no longer than 60 days commitment/6 mo community control.
[[Image here]]
The child is placed in a community control program prior to and upon furlough.
The state concedes, and we agree, that this matter must be remanded with directions that the written order be corrected to conform to the court’s oral pronouncement. See R.P. v. State, 695 So.2d 490 (Fla. 4th DCA1997).
REMANDED WITH DIRECTIONS.
STONE, C.J., and STEVENSON, J., concur.